CHESTER C. W. SMITH *versus* HIRAM H. BRAGDON & *als.*

When it is stated in the application for a citation by a poor debtor desirous of taking the oath, and also in the citation, that the creditor is out of the State, and that A. B. is his attorney of record, service on the attorney is legal and sufficient, there being no evidence that the facts are not as stated.

DEBT on a poor debtor's bond.

Bragdon, the principal defendant, having been arrested on execution, gave a poor debtor's bond, and subsequently applied to a justice of the peace for a citation to Smith, his creditor, the present plaintiff, to attend and hear a disclosure of his business concerns. In the application, it was stated that Smith was out of the State, and that S. W. Luques of Biddeford was his attorney of record. The same facts were recited in the citation, which was addressed to Samuel W. Luques, attorney of Smith, the creditor. The officer returned that he had served the citation on Luques as attorney of the creditor, by reading it in his presence and hearing, and that, the creditor being out of the State, he could make no further service.

The debtor made disclosure at the time appointed before Isaac L. Mitchell and James M. Small, two justices of the peace and quorum for the county of York, who certified that the creditor was duly notified, and who administered to the debtor the oath prescribed for poor debtors, and gave him a certificate thereof, the plaintiff not being present.

APPLETON, J., presiding, ruled, *pro forma*, that the plaintiff

was not entitled to recover; and the case was continued for the full Court to determine as to the correctness of the ruling; if correct, a nonsuit to be entered.

*S. W. Luques,* for the plaintiff, argued that the debtor's recital in his application for a citation, that Smith was absent from the State, and that Luques was his attorney, was only matter of description, and not evidence of the facts; that the citation being addressed to Luques, made him a party to the disclosure, instead of the creditor; and that, under these circumstances, the service on Luques was illegal, and ineffectual to notify the creditor. The justices do not certify that the citation and return of service had been examined by them, and "found correct," as the statute requires.

*W. M. McArthur,* for the defendant, cited R. S., c. 113, §§ 23, 24, 26, 48; *Baker* v. *Holmes,* 27 Maine, 153; *Ayer* v. *Fowler,* 30 Maine, 347; *Baldwin* v. *Merrill,* 44 Maine, 55.

The opinion of the Court was drawn up by

TENNEY, C. J.—The certificate signed and sealed by two justices of the peace and quorum of the county of York, required by R. S., c. 113, § 31, is presented in defence of this suit. It is insisted, in behalf of the plaintiff, that the service of the citation is fatally defective, on the ground that the citation is such that the service contemplated by the statute was not and could not have been made.

In the application of the debtor to the magistrate for a citation to the creditor to appear, &c., it is stated, among other things material, and which are deemed by the Court sufficient, that he has been arrested, in the county of York, on an execution issued on a judgment obtained against him, in favor of Chester C. W. Smith of Portland, in the county of Cumberland, whose attorney of record in said suit is Samuel Luques, Esquire, of Biddeford, in the county of York; and the justice of the peace to whom the application is directed, is requested to cite said Luques, as the said creditor is out of the State. A citation was issued upon this application to said Luques,

declared in the citation to be attorney of record of said creditor, the said creditor being alleged also in the citation to be out of the State. The sheriff of the county of York made, upon said citation, return that he had made service of the application and citation, by reading the same in the presence and hearing of said Luques, the attorney of the within named creditor, in the original suit, the creditor within named living out of the State of Maine, he could make no further service.

No particular form of the citation to the creditor, or the application therefor, is required; but service of the former shall be made upon the creditor, if alive and within the State, otherwise upon the attorney in the suit, &c. R. S., c. 113, §§ 23 and 24.

The creditor and the attorney are both named in the citation and in the application therefor; and if the officer, while he had them in his hands, had found the creditor in his precinct, and had made seasonable service on him, by reading the same in his presence and hearing, we cannot doubt that the service would have been sufficient. The evidence in the case, that the creditor was out of the State at the time the citation was made, and also at the time when it was served, being uncontradicted, is sufficient proof of that fact, and the service afforded all the notice to the creditor which the statute required, and the defence is sustained.

*Plaintiff nonsuit.*

APPLETON, CUTTING, MAY, GOODENOW, and DAVIS, JJ., concurred.